IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CV-00579-FDW

| | | |
|---|---|---|
| BENOIT CONSTANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| W. ROBERT BELL, Senior | ) | |
| Resident Superior Court Judge; | ) | |
| ANDREW MURRAY, District | ) | |
| Attorney; A. KOLB MICHEAL; | ) | |
| DANIEL RENAUD, | ) | |
| | ) | |
| Respondents. | ) | |
| _____) | | |

**THIS MATTER** is before the Court on consideration of the petition for a writ of habeas corpus which Petitioner filed pursuant to 28 U.S.C. § 2241.

Petitioner is a pretrial detainee currently awaiting trial in Mecklenburg County Superior Court on felony charges of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and filing a false bomb report.[1] Petitioner challenges the fairness of the proceedings and contends that he is innocent of the charges and this case should not proceed because there is no evidence or "very little evidence." (3:15-cv-00579, Doc. 1: Petition at 3). In his claims for relief, Petitioner seeks, among other things, an order compelling the State to turn over discovery and an adjudication or suppression hearing.

---

[1] This information was obtained from the § 2241 petition and the website maintained by the North Carolina Administrative Office of Courts. Petitioner's next court date is January 14, 2016.

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court cautioned federal courts against interfering with ongoing state judicial proceedings "unless extraordinary circumstances so warrant." <u>Martin Marietta Corp. v. Maryland Com'n on Human Relations</u>, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982); <u>Younger</u>, 401 U.S. at 43, 45).

Petitioner challenges the fairness of his criminal proceeding but his allegations are merely conclusory and do not support federal intervention in his state criminal case. <u>See</u> <u>Gilliam v. Foster</u>, 75 F.3d 881, 903 (4th Cir. 1996) (federal courts may not intervene in an ongoing State criminal proceeding unless there has been a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." (quoting <u>Younger</u>, 401 U.S. at 54) (emphasis omitted).

For the foregoing reasons, the petition for habeas relief will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2241 petition is **DISMISSED**.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: December 14, 2015

Frank D. Whitney
Chief United States District Judge

2